Dear Ms. Wells:
You have requested an opinion of the Attorney General regarding the participation by the Louisiana assessors in the State Deferred Compensation Plan (Plan), and the effect that participation has on employer and employee contributions into the Louisiana Assessors' Retirement Fund. You specifically ask whether amounts deducted for deferred salary should be included for purposes of calculating the amount of retirement contributions payable by an employer and employee, and computing the average compensation, pursuant to R.S.11:233.
As you are aware, Act No. 132 of the 1999 Regular Session of the Louisiana Legislature enacted R.S. 47:1907(A)(3) which authorizes Louisiana assessors to participate in an approved state deferred compensation plan. R.S. 11:233, as amended by Act No. 691 of the 1997 Regular Session of the Louisiana Legislature (Act 691), provides with respect to earnable compensation for members of the Firefighters' and Parochial Employees' Retirement Systems, the Sheriffs' Pension and Relief Fund and the Assessors' Retirement Fund. It provides, in pertinent part, the following:
 § 233. Earnable compensation
 A. The provisions of this Section shall apply to the following public retirement or pension systems, funds, and plans:
 (1) Firefighters' Retirement System.
 (2) Sheriffs' Pension and Relief Fund.
 (3) Parochial Employees' Retirement System of Louisiana.
 (4) Assessors Retirement Fund.
 B. . . for purposes of calculation of the amount of contributions payable by an employer and employee and for computation of average compensation, earnings or earned or earnable compensation, or its equivalent, shall mean the full amount earned by an employee for a given pay period. Earnings or earned or earnable compensation shall not include overtime unless it is required to be worked in the employee's regular tour of duty, operating expenses, use of automobile or motor vehicles, the cost of any insurance paid by the employer, any allowance for expenses incurred as an incident of employment, payments made in lieu of unused annual or sick leave, bonuses, terminal pay, severance pay, deferred salary, or any other type of irregular or nonrecurring payment, except that amounts deducted for deferred salary shall be included to calculate the amount of contributions payable by an employer and employee and to compute average compensation with respect to the Firefighters' Retirement System, the Sheriffs' Pension and Relief Fund, and the Parochial Employees' Retirement System of Louisiana. (Emphasis Added.)
Your inquiry results from the confusion created by adding the Assessors' Retirement Fund to Section 233(A)(4), but inadvertently failing to add the Fund, by name, at the end of Paragraph (B).
Prior to its amendment by Act No. 691, Section 233 applied only to the Firefighters', Sheriffs' and Parochial Employees' Retirement Systems. The sole purpose of Act No. 691 was to extend the provisions of Section 233 to the Assessors' Retirement Fund. This is clearly evidenced by its Title referencing the `Assessors' Retirement Fund — Miscellaneous, as "An Act relative to the Assessors' Retirement Fund; to provide for qualified plan status under Internal Revenue Code Section 415; to provide for earnable compensation applicable to certain qualified plans; to provide for annual compensation limits; to provide for limitation on payments of benefits; and to provide for other related matters."
We find Civil Code Art. 12, and the jurisprudence applying same, to be relevant to the issue at hand. It provides:
 Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
The jurisprudence of this State has long recognized that where a statute is ambiguous and/or susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice and convenience, for it is to be presumed that the Legislature intended such exceptions to its language as would avoid its leading to injustice, oppression or absurd consequences. Progressive Sec. Ins. Co. v. Foster,711 So.2d 675 (La. 1998).
As previously noted, the sole purpose of Act 691 was to add the Assessors' Retirement Fund as an additional Fund subject to the provisions of R.S. 11:233. The obvious intent was to make applicable to the assessors the provisions in Section 233 that designate which "earnings" or "earnable compensation" are to be included in the calculation of the amount of contributions payable by an employer and employee to the respective retirement system, as well as the computation of "average compensation". In our opinion, the omission of the Assessors' Retirement Fund from the Systems enumerated in Section 233(B) renders the Section ambiguous, and requires the examination of the text of Section 233, as a whole.
An examination of Section 233, in its entirety, leads us to the conclusion that the provisions of both Paragraphs (A) and (B) are applicable to the Assessors' Retirement Fund. We find support for our opinion in Paragraph (A) which specifically mandates that the provisions of Section 233 shall apply to the public retirement or pension systems, funds and plans named therein. The Assessors' Retirement Fund is specifically enumerated as one of the Funds to which the provisions of the Section applies.
Accordingly, we find R.S. 11:233, in its entirety, to be applicable to the Assessors' Retirement Fund, and that the amounts deducted for deferred salary should be included in calculating (1) the amount of retirement contributions payable by an employer and an employee and (2) average compensation.
We believe this construction and/or interpretation best comports with the principles of statutory interpretation as applied by our jurisprudence. To conclude otherwise would constitute an unreasonable construction and/or interpretation of the statute leading to absurd results and/or consequences. You may wish to consider amending Section 233 to remedy this ambiguity.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj